RECEIVED
MAR 24 2008
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

Serial: 145371

IN THE SUPREME COURT OF MISSISSIPPI

FILED
MAR 20 2008
Office of the Clerk
Supreme Court
Court of Appeals

No. 2008-BD-00106-SCT

THE MISSISSIPPI BAR

v.

JOSEPH C. LANGSTON

### ORDER OF DISBARMENT

¶1. This matter is before the Court en banc on the Formal Complaint filed by the Mississippi Bar pursuant to Rule 6 of the Rules of Discipline for the Mississippi Bar ("MRD") seeking the disbarment of Joseph C. Langston, who pleaded guilty in the United States District Court for the Northern District of Mississippi to one count of conspiracy to corruptly influence an elected state official in violation of Title 18 U.S.C. § 371. Since we conclude that all the procedural prerequisites have been met, we order disbarment.

I.

¶2. On January 15, 2008, a formal complaint was filed against Langston by the Mississippi Bar. In this Formal Complaint, the Bar requested that Langston be disbarred based upon his guilty plea in federal court. Langston executed under oath an Acknowledgment of Receipt of Summons and Formal Complaint on January 18, 2008, and caused the same to be filed with the Clerk of this Court on January 22, 2008. Likewise, on January 22, 2008, Langton filed his Notice of Irrevocable Resignation, effectively resigning from the practice of law in the State of Mississippi pursuant to MRD 10.5. In this Notice,

ATTEST
A True Copy
This the 20th day of March 2008
Office of the Clerk
Supreme Court and Court of Appeals
State of Mississippi
By _____

Langston stated, *inter alia*, that he acknowledged these disciplinary proceedings were pending before this Court; that no other disciplinary proceedings against him were pending; that he did not desire to defend this matter; that he offered his irrevocable resignation from the Mississippi Bar; and that "I hereby request permission to irrevocably resign with prejudice from the Mississippi Bar in accordance with Rule 10.5, MRD." Based on the filing of this Notice of Irrevocable Resignation, the Bar filed its motion requesting this Court to accept Langston's Irrevocable Resignation and terminate all disciplinary proceedings pursuant to MRD 10.

## II.

¶3. "[T]his Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar." *Miss. Bar v. Shelton*, 855 So. 2d 444, 445 (Miss. 2003) (citing Miss. R. Disc. 1(a); *Miss. Bar v. McGuire*, 647 So. 2d 706, 708 (Miss. 1994)). "We conduct a de novo review in cases involving the discipline of attorneys." *Id.* (citing *Miss. Bar v. Pels*, 708 So. 2d 1372, 1374 (Miss. 1998)). "The burden is usually on the Mississippi Bar to show by clear and convincing evidence that an attorney's actions constitute professional misconduct." *Id.*

¶4. The Bar has met its burden in this matter. Langston pleaded guilty to the felony offense of conspiracy to corruptly influence an elected state official in violation of Title 18 U.S.C. § 371. Additionally, because Langston has filed with this Court his Notice of Irrevocable Resignation, the Bar is entitled to the relief it seeks. MRD 10(b) states that

"[i]rrevocable resignations may be tendered to the Court or Complaint Tribunal at any time after Complaint Counsel's receipt of a complaint." MRD 10.5 states in pertinent part:

> Any attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney's license, and barring forever thereafter the attorney's right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.

Accordingly, based on the record before us, and consistent with the Rules of Discipline for the Mississippi Bar and our case law, this Court enters an order disbarring Langston.

¶5.   IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:

1. Joseph C. Langston is hereby permanently DISBARRED from the practice of law in the state of Mississippi.

2. This order shall constitute notice of permanent disbarment in this cause.

3. The Clerk of this Court shall forward an attested copy of this order to Joseph C. Langston and the Executive Director of the Mississippi Bar.

4. Joseph C. Langston shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to MRD 11.

5. Joseph C. Langston shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi and that he has complied fully with all the requirements set forth in MRD 11.

6. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Prentiss County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court.

7. The Clerk of this Court likewise shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.

8. All outstanding disciplinary proceedings against Joseph C. Langston, including Cause No. 2008-BD-00106 pending before the Committee on Professional Responsibility are hereby terminated.

9. Costs of these proceedings are hereby assessed against Joseph C. Langston.

¶6. SO ORDERED, ADJUDGED, and DECREED this the 20th day of March, 2008.

GEORGE C. CARLSON, JR., JUSTICE
FOR THE COURT